```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
DOROTHY NESKE and CHRISTOPHER          :
NESKE, as Parents and Natural Guardians of :
A.N., and DOROTHY NESKE and            :
CHRISTOPHER NESKE, Individually,       :
                                       :
                           Plaintiffs, :      19-CV-08817 (VEC)
               -against-               :
                                       :      ORDER
                                       :
                                       :
RICHARD CARRANZA, in his official capacity as:
Chancellor of the New York City Department of :
Education, NEW YORK CITY DEPARTMENT    :
OF EDUCATION, and NEW YORK STATE       :
EDUCATION DEPARTMENT,                  :
                           Defendants. :
-------------------------------------------------------------- X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 07/20/2020

VALERIE CAPRONI, United States District Judge:

WHEREAS Plaintiffs commenced this action to obtain an order directing the New York City Department of Education to fund A.N.'s attendance at the International Institute for the Brain ("iBrain") for the 2019–20 school year, pursuant to the "stay-put" or pendency provision of the Individuals with Disabilities Education Act, 20 U.S.C. § 1415(j), *see* Dkt. 1 at 8;

WHEREAS Plaintiffs unilaterally moved A.N. from International Academy of Hope ("iHope") to iBrain and seeks pendency funding on the theory that the two programs were substantially similar, *see* Pl. Br. (Dkt. 4) at 10;

WHEREAS this Court previously ruled, in a virtually identical action filed by Plaintiffs for the 2018–19 school year, that such relief is unavailable under 20 U.S.C. § 1415(j), which does not allow a parent to unilaterally move his or her child to another school and compel the school district to immediately fund the placement at the new school pending the adjudication of the student's due process complaint, *see Neske v. New York City Dep't of Educ.*, No. 19-CV-

2933, 2019 WL 3531959, at *8 (S.D.N.Y. Aug. 2, 2019), *reconsideration denied*, No. 19-CV-2933, 2019 WL 5865245 (S.D.N.Y. Nov. 7, 2019);

WHEREAS the Court of Appeals for the Second Circuit, in an appeal of a virtually identical case initiated by parents of an iHope-to-iBrain transfer student, similarly held that the plaintiffs failed to state a claim under 20 U.S.C. § 1415(j), *see Ventura de Paulino v. New York City Dep't of Educ.*, 959 F.3d 519, 534–37 (2d Cir. 2020) ("[W]hat the parent cannot do is determine that the child's pendency placement would be better provided somewhere else, enroll the child in a new school, and then invoke the stay-put provision to force the school district to pay for the new school's services on a pendency basis.");

WHEREAS the Court ordered Plaintiffs to show cause why this action should not be summarily dismissed given the binding precedent in this circuit, Dkt. 58;

WHEREAS Plaintiffs do not dispute that the holding in *Ventura de Paulino* would compel dismissal, *see* Dkt. 59; and

WHEREAS Plaintiffs instead argue that *Ventura de Paulino* does not have precedential effect until the Court of Appeals issues its mandate, *see id.*;

IT IS HEREBY ORDERED that this case is DISMISSED.  First, the Court disagrees with Plaintiffs that an appellate opinion is ineffective or nonbinding prior to the issuance of the mandate.  *See Navarro Carrillo v. New York City Dep't of Educ.*, No. 20-CV-1657, 2020 WL 3867137, at *2 (E.D.N.Y. July 9, 2020) ("I was bound to follow the rule announced in *Ventura de Paulino* regardless of whether or not the mandate had issued." (citations omitted)).  Moreover, the Court of Appeals has since issued its mandate.  *See* Mandate of USCA, *Navarro Carrillo v. New York City Dep't of Educ.*, No. 19-CV-2944, Dkt. 36 (S.D.N.Y. July 13, 2020).  Because Plaintiffs have not articulated any other rationale for why this action should not be dismissed, the

Court finds that *Ventura de Paulino* is controlling and compels dismissal. *See* 959 F.3d at 534 ("Regardless of whether the educational program that the Students are receiving at iBRAIN is substantially similar to the one offered at iHOPE, when the Parents unilaterally enrolled the Students at iBRAIN for the 2018-2019 school year, they did so at their own financial risk."). The fact that Plaintiffs are seeking funding for A.N.'s second year of attendance at iBrain is immaterial to the analysis articulated by the Second Circuit.

The Clerk of Court is respectfully directed to terminate all pending motions and deadlines and close the case.

**SO ORDERED.**

**Date:  July 20, 2020**                                                       **VALERIE CAPRONI**
**New York, New York**                                                  **United States District Judge**

3